NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSELITA MAZARIEGOS REYES, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-72732 Agency No. A205-914-319 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA, and W. FLETCHER, Circuit Judges.

Joselita Mazariegos Reyes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Mazariegos Reyes does not challenge the agency's determination that she failed to establish eligibility for CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Mazariegos Reyes' CAT claim.

Substantial evidence supports the agency's determination that Mazariegos Reyes failed to demonstrate a nexus between the harm she experienced or fears in Guatemala and a protected ground. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (holding that "mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim"); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of [her] membership in such group"). Thus, Mazariegos Reyes' asylum and withholding of removal claims fail.

The record does not support Mazariegos Reyes' contentions that the agency failed to consider evidence or otherwise erred in its analysis of her claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).

2                                                                      15-72732

As stated in the court's November 24, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**